The Honorable Vince Wetta State Representative, 80th District 1204 N. Poplar Wellington, Kansas 67152
Dear Representative Wetta:
You inquire about several provisions of the expanded gaming law passed by the legislature during its 2007 session.[1] Specifically, your questions address: (1) the requirement that a proposed lottery gaming facility manager obtain a local governing body's resolution of endorsement; (2) whether the City of Mulvane can annex property located in Sumner County for use as a lottery gaming facility; and (3) Section 31 of 2007 S.B. 66 (SB 66) that prohibits certain officials from influencing decisions of the agencies[2] responsible for administering the expanded gaming legislation.
1. A Resolution of Endorsement
Your first question is whether there is a procedure for a city or county endorsing a particular lottery gaming facility manager applicant and whether a city or county governing body can endorse one or more applicants. In answering your question, it is helpful to understand the competitive selection process for a lottery gaming facility manager.
The Kansas Lottery Commission(Commission) is charged with operating one lottery gaming facility in each of the four gaming zones in the state.[3] The Commission is the agency responsible initially for reviewing all proposed lottery gaming facility management contracts to ensure that each meets the requirements enumerated in the legislation.[4] The Commission is not restricted to approving just one management contract in each zone. Rather, it may approve numerous management contracts in each zone.[5]
One of the requirements for contract approval is "a resolution of endorsement from the city governing body, if the proposed facility is within the corporate limits of a city, or from the county commission, if the proposed facility is located in the unincorporated area of the county."[6] Each applicant must include the resolution of endorsement in its application materials.[7]
Upon approval of one or more management contracts, the Lottery Gaming Facility Review Board (Review Board) reviews the contracts and selects the "best possible" contract for each gaming zone based upon criteria enumerated in the legislation.[8] No contract can be approved by the Review Board absent the previously mentioned endorsement of the appropriate city or county governing body.[9]
After selection of the "best possible" contract for each gaming zone, the Kansas Racing Gaming Commission (Racing Gaming Commission) conducts background investigations of the managers and principals.[10]
Upon completion of the background investigations, the Racing Gaming Commission votes to approve or reject the Review Board's recommendations.[11]
SB 66 neither prescribes a procedure for endorsing a particular lottery gaming facility manager applicant nor limits a governing body's endorsement to one applicant. It simply requires an applicant to demonstrate that it has a resolution of endorsement from the appropriate city or county governing body.
A resolution is simply a governing body's expression of opinion concerning a particular item of business coming within the legislative body's official cognizance.[12] In general, a resolution deals with matters of a special or temporary character, as opposed to an ordinance that prescribes some permanent rule of conduct.[13] As cities and counties routinely pass resolutions on a variety of issues,[14] if there is not already a procedure in place for promulgating resolutions that would be appropriate for endorsement of lottery gaming facility manager applicants, it is within the discretion of each governing body to establish a process for endorsement of one or multiple lottery gaming facility applicants.
2. The City of Mulvane and Annexation of Land in Sumner County
You indicate that the City of Mulvane is located in both Sedgwick and Sumner counties.[15] Sedgwick County elected not to allow the operation of a lottery gaming facility in the county while Sumner County elected to do so.[16] It appears that the City of Mulvane is considering annexing land in Sumner County for the purpose of facilitating the construction of a proposed lottery gaming facility. If Sumner County approves the annexation and a lottery gaming facility applicant endorsed by the City is awarded the contract to construct a lottery gaming facility on the annexed property, the City of Mulvane will be entitled to receive 1% of all lottery gaming facility revenues.[17]
Your question is whether the City can "island annex" land in Sumner County even though two-thirds of its area is located in Sedgwick County.
There are three types of annexation: (1) unilateral,[18] (2) island,[19] and (3) county approved.[20] While commentators differ on what constitutes a "unilateral" annexation as opposed to an "island" annexation,[21] we will assume that an "island" annexation is an annexation that has to be approved by the county commission pursuant to K.S.A. 12-520c.
Island annexations involve property that is not contiguous to a city but whose owners wish to be part of the city.[22] The requirements for this type of annexation include:
 (1) The land is located within the same county as the city;
 (2) the owner(s) consent to the annexation; and
 (3) the board of county commissioners determines that the annexation "will not hinder or prevent the proper growth and development of the area or that of any other incorporated city located within such county."[23]
The procedure requires that the city governing body promulgate a resolution requesting the board of county commissioners to make the appropriate finding described above.[24] Within 30 days from the date the city clerk files a certified copy of the resolution with the board, the latter "shall [m]ake findings and notify the governing body of the city thereof."[25]
The annexation laws do not distinguish cities located wholly in one county from cities straddling two counties.[26] As long as the land is located within the same county as the city desirous of annexation, K.S.A. 12-520c is clear that annexation can be accomplished provided the other two conditions are met. While some may think it unfair that the City of Mulvane could profit by virtue of its minimal presence in Sumner County, it is our opinion that as the City of Mulvane is located partially in Sumner County, K.S.A. 12-520c authorizes the city to commence proceedings to annex property located in the county.
3. Sumner County officials and the Lottery Commission, LotteryFacility Review Board, and Racing Gaming Commission
You inquire whether "elected officials" of Sumner County will run afoul of the provision prohibiting local officials from influencing decisions of the Lottery Commission, the Review Board and the Racing Gaming Commission if the officials "voice their concerns" regarding the selection of a lottery gaming facility manager in the south central gaming zone.
Section 31(e) of SB 66 provides, in part:
 "No state or local official shall influence, or attempt to influence, by use of official authority, the decision of the Kansas lottery commission, lottery gaming facility review board or Kansas racing and gaming commission pursuant to this act; the investigation of a proposal for a lottery gaming facility . . . pursuant to this act; or any proceeding to enforce the provisions of this act or rules and regulations of the Kansas lottery commission or Kansas racing and gaming commission."[27]
A willful violation of Section 31 is a class A misdemeanor.[28] In determining whether an elected official of Sumner County has violated Section 31, the first question will be whether the individual is a "local official." Section 31(a)(2) defines "state or local official" as certain state officials[29] and "any member of the governing body of a city or county where a lottery gaming facility . . . islocated. . . ."[30]
As the definition of a "local official" includes only those governing body members in cities or counties where a lottery gaming facilityis located, it would appear that the prohibition against using one's official authority to influence or attempt to influence one of the enumerated agencies is not triggered, for a member of a city or county governing body,[31] until the lottery gaming facility management contract has been awarded.[32] While this may not have been the intent of the legislature, Section 31 is a criminal statute and, as such, will be construed strictly[33] in favor of an accused state or local official.
Summarizing, it is our opinion that SB 66 neither prescribes a procedure for endorsing a particular lottery gaming facility manager applicant nor limits a governing body's endorsement to one applicant. Moreover, as a portion of the City of Mulvane is located in Sumner County, the city is authorized, pursuant to K.S.A. 12-520c, to commence proceedings to annex property in Sumner County.
Finally, SB 66's prohibition against a local official using his or her official authority to influence the decision of one of the agencies responsible for selecting a lottery gaming facility management contract is not triggered until a contract is awarded.
Sincerely,
 Paul J. Morrison Attorney General
 Mary Feighny Deputy Attorney General
PJM:MF:jm
[1] 2007 SB 66 codified at L. 2007, Ch. 110.
[2] Kansas Lottery, Lottery Gaming Facility Review Board, Kansas Racing Gaming Commission.
[3] 2007 SB 66, §§ 3(a); 1(f).
[4] 2007 SB 66, § 3(d).
[5] Id. 2207 SB 66, § 5(b). Assuming compliance with the requirements of the law, the Commission must approve at least one proposed lottery gaming facility management contract in each gaming zone. 2007 SB 66, § 3(f).
[6] 2007 SB 66, § 3(h)(10).
[7]
http://www.kslottery.com/ExpandedLotteryAct/GamingApplication_6_13_07.pdf at p. 15. (Application for Lottery Gaming Facility Manager)
[8] 2007 SB 66, §§ 5(a)(b).
[9] 2007 SB 66, § 5(a).
[10] 2007 SB 66, § 5(e).
[11] Id.
[12] International Ass'n of Firefighters v. City of Lawrence,14 Kan.App.2d 788, rev. denied, 248 Kan. 996 (1991).
[13] Id.
[14] E. g. Attorney General Opinion No. 99-43 (resolution expressing concern for the safety of the city's water resources); InternationalAss'n of Firefighters v. City of Lawrence, 14 Kan.App.2d 788, rev.denied, 248 Kan. 996 (1991) (resolution establishing employment negotiating procedure).
[15] You indicate that the City is located two-thirds in Sedgwick County and one-third in Sumner County.
[16] 2007 SB 66, § 6.
[17] 2007 SB 66, § 3(h)(16)(B). Both Sumner and Sedgwick counties would each be entitled to 1% of the lottery gaming facility revenue.
[18] K.S.A. 2006 Supp. 12-520.
[19] K.S.A. 12-520c.
[20] K.S.A. 12-521.
[21] Robert W. Parnacott, Annexation in Kansas, 70 J. Kan. Bar Ass'n 18 (2001).
[22] K.S.A. 12-520c(a)(2).
[23] K.S.A. 12-520c(a). Emphasis added.
[24] K.S.A. 12-520c(c).
[25] Id.
[26] There are numerous cities located in two counties: Manhattan, Bonner Springs, Clifton, Geuda Springs, Herington, Humboldt, Kendall, Menlo, Minneola, Sedgwick, Studley, Toronto, Walnut.
[27] Emphasis added.
[28] 2007 SB 66, § 31(e).
[29] 2007 SB 66, § 31(a)(2)(A)-(E).
[30] 2007 SB 66, § 31(a)(2)(F). Emphasis added. This term also includes "any municipal judge or county judge of such city or county; any city, county or district attorney of such city or county; and any member of or attorney for the planning board or zoning board of such city or county and any professional planner or consultant regularly employed or retained by such planning board or zoning board."
[31] [A]nd the other local officials enumerated in 2007 SB 66, § 31(a)(2)(F).
[32] We also note that at the point where the Review Board becomes involved in selecting the "best possible" contract, the board is charged with conducting public hearings, taking testimony, and soliciting the advice of experts on the issue of which contract best "maximizes revenue, encourages tourism and otherwise serves the interests of the people of Kansas." 2007 SB 66, § 5(b). It would seem that local officials in a particular gaming zone would be uniquely qualified to testify on these issues.
[33] State v. Rupnick, 280 Kan. 720, 735 (2005) ("[c]riminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute.")